# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS GOOLSBY,<br>CDCR #F-19778,<br><br>                    Plaintiff,<br><br>vs.<br><br>NEAL RIDGE, Dr.; M. MARTINEZ, Dr.;<br>A. SANCHEZ, RN; and C. WILSON,<br>Correctional Officer,<br><br>                    Defendants. | Civil No.  09-2654 WQH (RBB)<br><br>**ORDER:**<br><br>**(1) GRANTING MOTION TO PROCEED** *IN FORMA PAUPERIS*, **IMPOSING NO INITIAL PARTIAL FILING FEE AND GARNISHING BALANCE FROM PRISONER'S TRUST ACCOUNT [Doc. No. 2]**<br><br>**AND**<br><br>**(2) SUA SPONTE DISMISSING COMPLAINT FOR FAILING TO STATE A CLAIM PURSUANT TO 28 U.S.C. §§ 1915(e)(2) & 1915A(b)** |

Plaintiff, Thomas Goolsby, a state prisoner currently incarcerated at the California Correctional Institution in Tehachapi, California and proceeding pro se, has filed a civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff claims prison officials at Richard J. Donovan Correctional Facility ("RJD") denied him adequate medical care while he was incarcerated there from mid-December 2008 through February 2009. (Compl. at 1-3, 11-12.) Plaintiff seeks injunctive relief as well as general and punitive damages. (*Id.* at 13.)

/ / /

Plaintiff has not prepaid the $350 civil filing fee required by 28 U.S.C. § 1914(a); instead he has filed a Motion to Proceed In Forma Pauperis ("IFP") pursuant to 28 U.S.C. § 1915(a) [Doc. No. 2].

# I.

## MOTION TO PROCEED IFP [Doc. No. 2]

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $350. *See* 28 U.S.C. § 1914(a). An action may proceed despite a party's failure to prepay the entire fee only if the party is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). Prisoners granted leave to proceed IFP however, remain obligated to pay the entire fee in installments, regardless of whether the action is ultimately dismissed for any reason. *See* 28 U.S.C. § 1915(b)(1) & (2).

Under 28 U.S.C. § 1915, as amended by the Prison Litigation Reform Act ("PLRA"), a prisoner seeking leave to proceed IFP must submit a "certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the six-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2). From the certified trust account statement, the Court must assess an initial payment of 20% of (a) the average monthly deposits in the account for the past six months, or (b) the average monthly balance in the account for the past six months, whichever is greater, unless the prisoner has no assets. *See* 28 U.S.C. § 1915(b)(1); 28 U.S.C. § 1915(b)(4). That institution having custody of the prisoner must collect subsequent payments, assessed at 20% of the preceding month's income, in any month in which the prisoner's account exceeds $10, and forward those payments to the Court until the entire filing fee is paid. *See* 28 U.S.C. § 1915(b)(2).

The Court finds that Plaintiff has submitted an affidavit which complies with 28 U.S.C. § 1915(a)(1), and that he has attached a certified copy of his trust account statement pursuant to 28 U.S.C. § 1915(a)(2) and S.D. CAL. CIVLR 3.2. Plaintiff's trust account statement shows that he has a current balance of zero and therefore insufficient funds from which to pay filing fees at this time. *See* 28 U.S.C. § 1915(b)(4) (providing that "[i]n no event shall a prisoner be

prohibited from bringing a civil action or appealing a civil action or criminal judgment for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee."); *Taylor*, 281 F.3d at 850 (finding that 28 U.S.C. § 1915(b)(4) acts as a "safety-valve" preventing dismissal of a prisoner's IFP case based solely on a "failure to pay . . . due to the lack of funds available to him when payment is ordered.").

Accordingly, the Court **GRANTS** Plaintiff's Motion to Proceed IFP [Doc. No. 2] and assesses no initial partial filing fee per 28 U.S.C. § 1915(b)(1). However, the entire $350 balance of the filing fees mandated shall be collected and forwarded to the Clerk of the Court pursuant to the installment payment provisions set forth in 28 U.S.C. § 1915(b)(1).

## II.

### SUA SPONTE SCREENING PER 28 U.S.C. § 1915(e)(2) AND § 1915A

**A.     Standard**

The PLRA also obligates the Court to review complaints filed by all persons proceeding IFP and by those, like Plaintiff, who are "incarcerated or detained in any facility [and] accused of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms or conditions of parole, probation, pretrial release, or diversionary program," "as soon as practicable after docketing." *See* 28 U.S.C. §§ 1915(e)(2) and 1915A(b). Under these provisions, the Court must sua sponte dismiss any IFP or prisoner complaint, or any portion thereof, which is frivolous, malicious, fails to state a claim, or which seeks damages from defendants who are immune. *See* 28 U.S.C. § 1915(e)(2)(B) and § 1915A; *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (§ 1915(e)(2)); *Resnick v. Hayes*, 213 F.3d 443, 446 (9th Cir. 2000) (§ 1915A).

Before amendment by the PLRA, the former 28 U.S.C. § 1915(d) permitted sua sponte dismissal of only frivolous and malicious claims. *Lopez*, 203 F.3d at 1126, 1130. An action is frivolous if it lacks an arguable basis in either law or fact. *Neitzke v. Williams*, 490 U.S. 319, 324 (1989). However 28 U.S.C. §§ 1915(e)(2) and 1915A now mandate that the court reviewing an IFP or prisoner's suit make and rule on its own motion to dismiss before effecting service of the Complaint by the U.S. Marshal pursuant to FED.R.CIV.P. 4(c)(2). *Id.* at 1127 ("[S]ection

1915(e) not only permits, but requires a district court to dismiss an in forma pauperis complaint that fails to state a claim."); *see also Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (discussing 28 U.S.C. § 1915A).

"[W]hen determining whether a complaint states a claim, a court must accept as true all allegations of material fact and must construe those facts in the light most favorable to the plaintiff." *Resnick*, 213 F.3d at 447; *Barren*, 152 F.3d at 1194 (noting that § 1915(e)(2) "parallels the language of Federal Rule of Civil Procedure 12(b)(6)"). In addition, the Court's duty to liberally construe a pro se's pleadings, *see Karim-Panahi v. Los Angeles Police Dept.*, 839 F.2d 621, 623 (9th Cir. 1988), is "particularly important in civil rights cases." *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992).

### B.    Plaintiff's Allegations

In his Complaint, Plaintiff alleges Defendants Ridge, Martinez and Sanchez all denied him adequate pain medication after he was transferred from San Diego County Jail to RJD on December 16, 2008. (Compl. at 7-9.) At the time, Plaintiff alleges to have been suffering from a torn rotator cuff, shoulder, neck and back pain, right "hand problems" due to a human bite and "abdominal issues." (*Id.* at 7.) San Diego County Jail officials had prescribed neurontin, flexeril, MS contin, mylicon, dicyclomine, metamucil and prilosec, as well as a neck brace and an aluminum walker. (*Id.* at 8.) After Plaintiff arrived at RJD however, he claims Drs. Ridge and Martinez prescribed fewer and alternate pain medications without first examining him in person. (*Id.* at 8-11). Plaintiff further alleges to have complained to Nurse Sanchez, who contacted both doctors at Plaintiff's behest and gave him Tylenol, but thereafter failed to ensure Plaintiff received other pain medication Plaintiff claims to have required. (*Id.* at 10-11.) Finally, Plaintiff claims that when he was transferred from one Administrative Segregation Unit to another, Correctional Officer Wilson demanded he climb a set of stairs handcuffed and without his walker. (*Id.* at 10-11.)

/ / /
/ / /
/ / /

### C.     Cruel and Unusual Punishment

#### 1.     Medical Care

"The unnecessary and wanton infliction of pain upon incarcerated individuals under color of law constitutes a violation of the Eighth Amendment." *Toguchi v. Chung*, 391 F.3d 1051, 1056-57 (9th Cir. 2004) (citing *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1992)). A violation of the Eighth Amendment occurs when prison officials are deliberately indifferent to a prisoner's medical needs. *Id.*; *see also Estelle v. Gamble*, 429 U.S. 97, 105 (1976).

To allege an Eighth Amendment violation, a prisoner must "satisfy both the objective and subjective components of a two-part test." *Hallett v. Morgan*, 296 F.3d 732, 744 (9th Cir. 2002) (citation omitted). First, he must allege that prison officials deprived him of the "minimal civilized measure of life's necessities." *Id.* (citation omitted). Second, he must allege the prison official "acted with deliberate indifference in doing so." *Id.* (citation and internal quotation marks omitted).

A prison official acts with "deliberate indifference ... only if [he is alleged to] know[] of and disregard[] an excessive risk to inmate health and safety." *Gibson v. County of Washoe, Nevada*, 290 F.3d 1175, 1187 (9th Cir. 2002) (citation and internal quotation marks omitted). Under this standard, the official must be alleged to "be aware of facts from which the inference could be drawn that a substantial risk of serious harm exist[ed]," and must also be alleged to also have drawn that inference. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). "If a [prison official] should have been aware of the risk, but was not, then the [official] has not violated the Eighth Amendment, no matter how severe the risk." *Gibson*, 290 F.3d at 1188 (citation omitted). This "subjective approach" focuses only "on what a defendant's mental attitude actually was." *Farmer*, 511 U.S. at 839. "Mere negligence in diagnosing or treating a medical condition, without more, does not violate a prisoner's Eighth Amendment rights." *McGuckin*, 974 F.2d at 1059 (alteration and citation omitted).

Here, Plaintiff claims that Defendants Ridge, Martinez and Sanchez all substituted alternative, and in his experience, inferior and/or less effective medications than those previously prescribed. However, a mere "difference of medical opinion" between a prisoner and

his physicians concerning the appropriate course of treatment is "insufficient, as a matter of law, to establish deliberate indifference." *Jackson v. McIntosh*, 90 F.3d 330, 332 (9th Cir. 1996). Instead, to allege deliberate indifference regarding choices between alternative courses of treatment, a prisoner must allege that the chosen course of treatment "was medically unacceptable under the circumstances," and was chosen "in conscious disregard of an excessive risk to [the prisoner's] health." *Id.* (citation omitted). This Plaintiff has failed to do.

### 2. Failure to Protect

Plaintiff's claims against Correctional Officer Wilson similarly fail to state an Eighth Amendment claim. Prison officials must "take reasonable measures to guarantee the safety of ... inmates." *Hudson v. Palmer*, 468 U.S. 517, 526-27 (1984). A prisoner states a claim for cruel and unusual punishment if he alleges a prison official acted with "deliberate indifference," *i.e.*, forced him to face or endure a dangerous condition knowing that the situation posed a substantial risk of serious injury. *See Frost v. Agnos*, 152 F.3d 1124 (9th Cir. 1998). "Deliberate indifference" exists when a prison official "knows of and disregards an excessive risk to inmate health and safety; the official must be both aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer*, 511 U.S. at 837; *Wilson v. Seiter*, 501 U.S. 294, 302-303 (1991).

Here, while Plaintiff alleges Officer Wilson demanded he climb a flight of stairs without his walker, he fails to allege facts sufficient to show how or why Wilson knew that navigating the stairs on a single occasion posed a substantial risk that Plaintiff would be seriously harmed. *Cf. Frost*, 152 F.3d at 1128-29 (finding deliberate indifference where prison guards "were aware" that an inmate on crutches had fallen and injured himself several times but declined to accommodate his doctor's requests that he be placed in a handicapped unit). Thus, while Plaintiff does allege his climb up the stairs caused pain, "[d]eliberate indifference is a high legal standard." *Toguchi*, 391 F.3d at 1060. Besides alleging the "unnecessary and wanton infliction of pain," Plaintiff must further allege (1) a purposeful act or failure to respond to his pain or possible medical need and (2) harm caused by the indifference. *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006) (citing *Estelle*, 429 U.S. at 104). The harm need not be substantial,

although "such would provide additional support for the inmate's claim that the defendant was deliberately indifferent to his needs." *Id.* (citing *Estelle*, 429 U.S. at 104).

Accordingly, the Court finds Plaintiff's Complaint fails to state a claim upon which relief can be granted. *See* 28 U.S.C. §§ 1915(e)(2) & 1915A. However, Plaintiff will be permitted the opportunity to file an Amended Complaint.

## III.

### CONCLUSION AND ORDER

Good cause appearing therefor, **IT IS HEREBY ORDERED** that:

1. Plaintiff's Motion to proceed IFP pursuant to 28 U.S.C. § 1915(a) [Doc. No. 2] is **GRANTED**.

2. The Secretary of the California Department of Corrections and Rehabilitation, or his designee, is ordered to collect from Plaintiff's prison trust account the $350 balance of the filing fee owed in this case by collecting monthly payments from the trust account in an amount equal to twenty percent (20%) of the preceding month's income credited to the account and forward payments to the Clerk of the Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). ALL PAYMENTS SHALL BE CLEARLY IDENTIFIED BY THE NAME AND NUMBER ASSIGNED TO THIS ACTION.

3. The Clerk of the Court is directed to serve a copy of this Order on Matthew Cate, Secretary, California Department of Corrections and Rehabilitation, P.O. Box 942883, Sacramento, California, 94283-0001.

**IT IS FURTHER ORDERED** that:

4. Plaintiff's Complaint is **DISMISSED** without prejudice for failing to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b). However, Plaintiff is further **GRANTED** forty five (45) days leave from the date this Order is filed in which to file a First Amended Complaint which cures all the deficiencies of pleading noted above. Plaintiff's Amended Complaint must be complete in itself without reference to his previous pleading. *See* S.D. CAL. CIVLR 15.1.

///

Defendants not named and all claims not re-alleged in the Amended Complaint will be considered waived. *See King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987).

DATED: March 9, 2010

*William Q. Hayes*
**WILLIAM Q. HAYES**
United States District Judge