UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS GOOLSBY, | Civil No. 09cv02654 WQH (RBB) |
| Plaintiff, | **ORDER DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL [ECF NO. 8]** |
| v. | |
| NEAL RIDGE, M.D.; M. MARTINEZ, M.D.; C. WILSON, correctional officer, | |
| Defendants. | |

Plaintiff Thomas Goolsby, a state prisoner proceeding pro se and in forma pauperis, filed a Complaint on November 23, 2009 [ECF No. 1] and a First Amended Complaint[1] on March 24, 2010 [ECF No. 5], pursuant to 42 U.S.C. § 1983.  Plaintiff alleges that his constitutional rights to adequate medical care and to be free from cruel and unusual punishment were violated when Defendants Ridge and Martinez denied Plaintiff medical care for his torn rotator cuff.  (Am. Compl. 3, 11.)  He also complains that Defendant Wilson

---

[1] Because Goolsby's First Amended Complaint is not consecutively paginated, the Court will use the page numbers assigned by the electronic case filing system.

interfered with Plaintiff's medical care when Wilson took Plaintiff's medically prescribed walker from him. (Id. at 12-15.) Further, Goolsby alleges that Wilson failed to protect him "from painful and unsafe activities" when Wilson took Plaintiff's walker, forced him to live on the top tier, and handcuffed him while knowing these actions caused Plaintiff severe pain. (Id. at 16.)

On July 14, 2010, Goolsby filed this Motion for Appointment of Counsel (ECF No. 8).[2] In support of his request for appointment of counsel, Plaintiff asserts the following: (1) He is unable to afford an attorney; (2) his imprisonment limits his ability to litigate; (3) the issues are complex and require significant research; (4) Goolsby has limited law library access and knowledge of the law; (5) a trial will likely involve conflicting testimony; and (6) Goolsby has attempted but failed to secure counsel. (Mot. Appointment Counsel 1-2.)

28 U.S.C. § 1915(e)(1) provides: "The court may request an attorney to represent any person unable to afford counsel." 28 U.S.C.A. § 1915(e)(1) (West 2010). But "it is well-established that there is generally no constitutional right to counsel in civil cases." United States v. Sardone, 94 F.3d 1233, 1236 (9th Cir. 1996) (citing Hedges v. Resolution Trust Corp., 32 F.3d 1360, 1363 (9th Cir. 1994)). There is also no constitutional right to appointed counsel to pursue a § 1983 claim. Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997) (citing Storseth v. Spellman, 654 F.2d 1349, 1353 (9th Cir. 1981)); accord Campbell v. Burt, 141 F.3d 927, 931 (9th Cir. 1998). Federal courts do not have the authority

---

[2] The Court will also cite to Goolsby's Motion for Appointment of Counsel using the page numbers assigned by the Court's electronic case filing system.

"to make coercive appointments of counsel." Mallard v. United States Dist. Court, 490 U.S. 296, 310 (1989) (discussing § 1915(d)); see also United States v. $292,888.04 in U.S. Currency, 54 F.3d 564, 569 (9th Cir. 1995).

Nevertheless, district courts have discretion, pursuant to 28 U.S.C. § 1915(e)(1), to request attorney representation for indigent civil litigants upon a showing of exceptional circumstances. See Agyeman v. Corrs. Corp. of Am., 390 F.3d 1101, 1103 (9th Cir. 2004) (citing Franklin v. Murphy, 745 F.2d 1221, 1236 (9th Cir. 1984)); Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Burns v. County of King, 883 F.2d 819, 824 (9th Cir. 1989). "A finding of the exceptional circumstances of the plaintiff seeking assistance requires at least an evaluation of the likelihood of the plaintiff's success on the merits and an evaluation of the plaintiff's ability to articulate his claims 'in light of the complexity of the legal issues involved.'" Agyeman, 390 F.3d at 1103 (quoting Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986)). "'Neither of these factors is dispositive and both must be viewed together before reaching a decision.'" Terrell, 935 F.2d at 1017 (quoting Wilborn, 789 F.2d at 1331).

### I. Likelihood of Plaintiff's Success on the Merits

To receive court-appointed counsel, Goolsby must present a nonfrivolous claim that is likely to succeed on the merits. Wilborn, 789 F.2d at 1331. The Amended Complaint purports to state causes of action arising under the Constitution for deliberate indifference to Plaintiff's serious medical needs and violations of his right to be free from cruel and unusual punishment. (Am. Compl. 3, 13-16.)

Plaintiff contends that his constitutional rights were violated while he was incarcerated at Richard J. Donovan State Prison ("Donovan") between December 16, 2008, and February 11, 2009. (Id. at 3.) Goolsby claims that when he was transferred to Donovan from San Diego County Jail, he was suffering from the following injuries: a potentially torn rotator cuff, sprained or strained back and neck muscles, possible strictures (intestinal cuts), a human bite on his right hand, and damaged back muscles. (Id. at 4-5.) The doctors at county jail had given Plaintiff a neck brace, a walker, muscle relaxants, and pain medication for these injuries. (Id. at 5.) The doctors had also ordered several tests to be performed on Plaintiff, such as a magnetic resonance imaging test ("MRI") to determine whether Goolsby's rotator cuff was torn, an endoscopy, and a colonoscopy. (Id.) Plaintiff claims that he was never seen by a doctor during his two months at Donovan. (Id. at 3.)

In count one of the Amended Complaint, Goolsby states that Defendants Ridge and Martinez, both medical doctors at Donovan, were deliberately indifferent to his serious medical needs because they did not examine Plaintiff's injuries, order medication, or ensure that the MRI, the endoscopy, and the colonoscopy were performed on Goolsby. (Id. at 11.) Nor did Defendants order Plaintiff's walker to be returned to him after it was improperly taken. (Id. at 9, 11.) Goolsby alleges that doctors Ridge and Martinez violated his constitutional rights to receive adequate medical care and be free from cruel and unusual punishment. (Id. at 3; id. Attach. #1 Mem. P. & A. 1-2.)

In counts two and three, Goolsby makes similar Eighth Amendment claims regarding Defendant Wilson's deliberate indifference to serious medical needs and failure to protect Plaintiff from the use of excessive force. (Am. Compl. 15-16; id. Attach. #1 Mem. P. & A. 7 (citing Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006)).) Goolsby alleges in count two that Wilson acted with deliberate indifference to Plaintiff's severe neck, back, and shoulder pain when Wilson took Plaintiff's walker from him, forced him to live in a top tier cell, and handcuffed his arms behind his back. (Am. Compl. 13-15; id. Attach. #1 Mem. P. & A. 5-6.) Plaintiff contends in count three that Wilson's actions failed to protect Plaintiff from "painful and unsafe activities." (Am. Compl. 16; id. Attach. #1 Mem. P. & A. 6-7).

Two elements comprise an Eighth Amendment claim for deliberate indifference to serious medical needs. Jett, 439 F.3d at 1096 (quoting Estelle v. Gamble, 429 U.S. 97, 104 (1976)). "First, the plaintiff must show a 'serious medical need' by demonstrating that 'failure to treat a prisoner's condition could result in further significant injury or the "unnecessary and wanton infliction of pain."'" Id. (citation omitted). "Second, the plaintiff must show the defendant's response to the need was deliberately indifferent." Id. (citation omitted). The second prong "is satisfied by showing (a) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference." Id. (citation omitted).

A plaintiff claiming excessive force under the Eighth Amendment must "allege . . . the unnecessary and wanton infliction of pain . . . ." Whitley v. Albers, 475 U.S. 312, 320 (1986).

Plaintiff "is required to allege overt acts with some degree of particularity such that his claim is set forth clearly enough to give defendants fair notice of the type of claim being pursued." Ortez v. Washington County, 88 F.3d 804, 810 (9th Cir. 1996) (citing Jones v. Cmty. Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984)). "A prison official may be liable for failure to protect an inmate from a use of excessive force if he is deliberately indifferent to a substantial risk of serious harm to an inmate." Estate of Davis v. Delo, 115 F.3d 1388, 1395 (8th Cir. 1997) (citations omitted); see also Cunningham v. Gates, 229 F.3d 1271, 1289-90 (9th Cir. 2000).

Although Plaintiff's allegations are sufficient to state a claim for relief, it is too early for the Court to determine Goolsby's likelihood of success on the merits. Without additional factual information, the Court cannot conclude that Plaintiff is likely to succeed. See Bailey v. Lawford, 835 F. Supp. 550, 552 (S.D. Cal. 1993).

## II. Plaintiff's Ability To Proceed Without Counsel

To be entitled to appointed counsel, Goolsby must also show he is unable to effectively litigate the case pro se in light of the complexity of the issues involved. See Wilborn, 789 F.2d at 1331.

Courts have required that "indigent plaintiffs make a reasonably diligent effort to secure counsel as a prerequisite to the court's appointing counsel for them." Bailey, 835 F. Supp. at 552. Plaintiff has contacted nine attorneys in an attempt to secure counsel. (Mot. Appointment Counsel 3-12.) He has made a reasonably diligent effort to secure counsel prior to seeking an order appointing counsel.

Goolsby claims he is unable to afford legal counsel. (Id. at 1.) This argument is not compelling because indigence alone does not entitle a plaintiff to appointed counsel.

Plaintiff raises other grounds for the appointment of counsel. He asserts that his imprisonment will limit his ability to litigate. (Id.) He claims the issues involved in the case are complex and will require significant research. (Id.) Goolsby also states that he has limited access to the law library and knowledge of the law. (Id.) Finally, Plaintiff contends an attorney would help him present evidence and cross-examine witnesses at trial due to the likelihood of conflicting testimony. (Id. at 1-2.) Based on these facts, Goolsby requests a court-appointed attorney. (Id.)

Although Plaintiff asserts that his access to legal materials is limited, he has not demonstrated that he is being denied "reasonable" access. See Lindquist v. Idaho State Bd. of Corrs., 776 F.2d 851, 858 (9th Cir. 1985). "[T]he Constitution does not guarantee a prisoner unlimited access to a law library. Prison officials of necessity must regulate the time, manner, and place in which library facilities are used." Id. (citation omitted). Goolsby has not shown that he does not have reasonable access to a law library or other means of conducting legal research, or that he is subjected to burdens beyond those ordinarily experienced by pro se plaintiffs.

Plaintiff's Amended Complaint is adequate in form. Goolsby was also able to file a Motion for Appointment of Counsel, suggesting an ability to navigate the legal process. See Plummer v. Grimes, 87 F.3d 1032, 1033 (8th Cir. 1996) (finding the district court did not abuse its discretion in denying plaintiff counsel, in

part because plaintiff adequately filed a complaint and other pre-trial materials).

"[A]ny pro se litigant certainly would be better served with the assistance of counsel." Rand, 113 F.3d at 1525; see also Wilborn, 789 F.2d at 1331 (explaining that "a pro se litigant will seldom be in a position to investigate easily the facts necessary to support the case[]"). But Plaintiff is only entitled to appointed counsel if he can show "that because of the complexity of the claims he [is] unable to articulate his positions." Rand, 113 F.3d at 1525. Goolsby has not shown anything in the record that makes this case "exceptional" or the issues in it particularly complex.

Additionally, factual disputes and anticipated cross-examination of witnesses do not indicate the presence of complex legal issues warranting a finding of exceptional circumstances. See id. (holding that while the appellant might have fared better with counsel during discovery and in securing expert testimony, this is not the test). Accordingly, the "exceptional circumstances" required for appointment of counsel pursuant to 28 U.S.C. § 1915(e)(1) are absent.

Because Plaintiff has failed to demonstrate either a likelihood of success on the merits or an inability to represent
//
//
//
//

1 | himself (beyond the ordinary burdens encountered by prisoners
2 | representing themselves pro se), Plaintiff's motion is **DENIED**
3 | without prejudice.
4 |     **IT IS SO ORDERED.**
5 |
6 | DATE: August 25, 2010
7 |                                     Ruben B. Brooks
                                    United States Magistrate Judge
8 | cc: Judge Hayes
     All Parties of Record